Patrick T. Holscher, WY Bar No. 5-2724
Schwartz, Bon, Walker & Studer LLC
141 South Center, Suite 500
Casper, WY 82601
Tel: 307-235-6681
Fax: 307-234-5099
pat@schwartzbon.com

*Attorney for Plaintiff:*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2024 MAR 13 PM 1:15

MARGARET BOTKINS, CLERK
CASPER

# IN THE FEDERAL DISTRICT COURT FOR
# THE DISTRICT OF WYOMING

| | |
|---|---|
| Tomahawk Cattle Company, LLC<br>    A Wyoming limited liability company<br><br>    Plaintiff,<br><br>vs.<br><br>Oliver Livestock, LLC, a Kentucky limited liability company, Greg Oliver, Ezra Oliver, Wesley Oliver Steve Ray, DVM and Rock Solid Veterinary Services, PLLC<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>24 CV 60-SAH |

## COMPLAINT

Plaintiff, Tomahawk Cattle Co. LLC, by and through its attorney, states and alleges for its complaint as follows:

### I. PARTIES

1. Plaintiff, Tomahawk Cattle Co., LLC, hereinafter sometimes referred to as Tomahawk is a Wyoming limited liability company with its principal place of business being located in Park County, Wyoming.

2. Kyle Woodward is the principal of Tomahawk Cattle Co.

1

3. Defendant, Oliver Livestock, LLC, herein after sometimes referred to as Oliver Livestock, is a Kentucky limited liability company headquartered in Campbellsville Kentucky.

4. Defendant Ezra (Eserah) Oliver is, and was at all times relevant to this complaint, a member of Oliver Livestock who participated in its operation and the management of its activities.

5. Defendant Wesley Oliver is, and was at all times relevant to this complaint, a member of Oliver Livestock who participated in its operation and the management of its activities.

6. Defendant Greg Oliver is, and was at all times relevant to this complaint, an employee or agent of Oliver Livestock.

7. At all times relevant to this complaint, Greg, Ezra and Wesley Oliver were acting within the course and scope of their employment and/or agency of Oliver Livestock.

8. Steve Ray is a Doctor of Veterinary Medicine with a practice in Columbia, Kentucky. Plaintiff reserves the right to assert claims against Steve Ray should evidence and discovery demonstrate the existence of such claims.

9. Rock Solid Veterinary Services, PLLC is a veterinary practice in Kentucky through which Steve Ray practices. Plaintiff reserves the right to assert claims against Rock Solid Veterinary Services, PLLC should evidence and discovery demonstrate the existence of such claims.

## II. FACTS COMMON TO ALL CLAIMS

10. Oliver Livestock represents itself as a cattle operation that markets and sells cattle, and it does so via electronic means, advertising itself via electronic media.

11. Oliver Livestock accordingly markets its cattle beyond the borders of Kentucky and throughout the United States.

2

10. Tomahawk Cattle Co, through Kyle Woodward, discovered Oliver Livestock's advertisement for cattle and contacted Oliver Livestock to inquire if it had 90 head of 3 to 6 year old bred black angus cattle. An arrangement to purchase the same and ship the cattle to Wyoming, based upon Oliver Livestock's representations, including photographs of the cattle that were advertised for sale, and about the age and health of the cattle was accordingly made.

11. The contract was for 90 head of 3 to 6 year old Black Angus cattle that were spring calvers.

12. The agreed upon price was $127,500 per head for the 90 head of cattle.

13. It was agreed that the cattle were to be trucked to Wyoming and delivered.

14. Oliver Livestock represented that it had previously successfully shipped livestock to Montana.

15. The health of the cattle was to be certified.

16. Steven Ray of Rock Solid Veterinary Services issued a Certificate of Veterinary Inspection on the 90 head of cattle.

17. Sixteen of the first lot of 90 cattle shipped died within one week of delivery.

18. Many of the 90 head of cattle were far older than six years old.

19. Not all of the 90 head of cattle were Black Angus.

20. Calves started to be born to the 90 head of cattle far earlier than contracted for.

21. One day after the contract for 90 head of spring calving bred cattle was made, an additional contract for 42 heavy bread Black Angus was made.

22. The 42 head were represented to be done calving by October.

23. The 42 were to be certified to be in good health.

24. The purchase price for the 42 head was $68,670.

25.	Steven Ray of Rock Solid Veterinary Services issued a Certificate of Veterinary Inspection on the 42 head of cattle.

26.	The 42 head of cattle that were sent were not as represented. Four died immediately, two calves were still born, and the majority of the 42 head calved after mid-December 2023.

27.	All cattle for both sales were to be inspected in order to certify that they were in good health generally and that they were healthy enough to travel the involved distance, and to assure that the cattle had the proper testing and vaccinations.

28.	The received cattle were in poor health and lacked proper testing and vaccinations. The cattle had to be quarantined.

29.	The photographs that advertised the cattle remained in use, with Oliver representing that it had cattle to sell that were represented by the same photographs that were used to represent the cattle sold to Tomahawk after Tomahawk had taken delivery of the 90 head of cattle and the 42 head of cattle.

30.	Prior to filing this litigation, Tomahawk made demand upon Oliver Livestock for damages, including loss for death, lost value for age, increased feed expenses due to improper calving date representations, and veterinary expenses.

31.	Jurisdiction exists in this court is proper in that the Plaintiff is a resident of Park County, Wyoming, the contract in issue was contracted in Wyoming and the Defendants have sufficient minimum contacts with the State of Wyoming for jurisdiction to arise.

I.	**FIRST CLAIM FOR RELIEF: BREACH OF TWO CONTRACTS BY OLIVER LIVESTOCK LLC**

32.	Plaintiff restates and realleges paragraphs 1 through 31 as if fully restated herein.

33. Tomahawk Cattle Co and Oliver Livestock entered into two contracts for the delivery of cattle to Wyoming, as set forth above.

35. Neither lot of cattle comported with the terms of the contract in terms of health, age or calving dates.

36. The failure of the cattle to be as described is a breach of contract, or more particularly, breaches of two contracts.

37. Oliver Livestock is liable to Tomahawk in an amount to be demonstrated at trial.

## II. BREACH OF CONTRACT BY STEVE RAY, DVM.

38. Plaintiff restates and realleges paragraphs 1 through 37 as if fully restated herein.

39. Steve Ray, DVM individually or through Rock Solid Veterinary Services, had a contract for the testing and certification of good health of the cattle referenced in this complaint.

40. The cattle were intended for delivery to Tomahawk Cattle Company in Wyoming.

41. The testing and inspection were for the ultimate benefit of Tomahawk Cattle Company.

42. Tomahawk Cattle Company was the third party beneficiary of the contract between Rock Solid Veterinary Services and Oliver Livestock.

43. The failure to properly test the cattle for health and vaccinations constitutes a breach of the contract which harmed Tomahawk Cattle Company for which Steve Ray, DVM and Rock Solid Veterinary Services are liable in an amount to be demonstrated at trial.

## BREACH OF GOOD FAITH AND FAIR DEALING BY OLIVER LIVESTOCK

44. Plaintiff restates and realleges paragraphs 1 through 43 as if fully restated herein.

45. Oliver Livestock, through its actions referenced above, acted in bad faith and accordingly breached the covenant of good faith and fair dealing in contracts for which it is liable.

46. Said actions include, but are not limited to, misrepresenting the age, condition, nature and health of the 90 head of cattle and the 42 head of cattle.

47. Oliver Livestock is liable to Tomahawk in an amount to be demonstrated at trial.

## II.   FRAUD

48. Plaintiff restates and realleges paragraphs 1 through 47 as if fully stated herein.

49. Greg, Ezra, and Wesley Oliver made material misrepresentations about the 90 head and 42 head of cattle.

50. The material misrepresentations included misrepresentations about the cattle's age, health and calving dates.

51. Said misrepresentation, upon information and belief, were calculated to induce Tomahawk Livestock to rely upon them to its detriment.

52. To the extent that Steve Ray participated in misrepresenting the health and condition of the livestock, he participated in the fraudulent acts.

53. Said actions constitute fraud by which Tomahawk has sustained damages.

54. Greg, Ezra and Wesly Oliver are individually liable to Tomahawk for the above referenced acts of fraud.

55. Oliver Livestock is liable for the actions of Greg, Ezra and Wesley Oliver who are its members and agents.

56. Steve Ray is liable for his actions to the extent they participated in the above referenced actions through his misrepresentation or omissions.

## III.   NEGLIGENT MISREPRESENTATION- GREG, EZRA AND WESLEY OLIVER, AS WELL AS OLIVER LIVESTOCK

57. Plaintiff restates and realleges paragraphs 1 through 56 as if fully restated herein.

58. Greg, Ezra, and Wesley Oliver, made material misrepresentations about the 90 head and 42 head of cattle.

59. Greg, Ezra and Wesley Oliver, each individually, knew or should have known that said representations were misrepresentations.

60. The material misrepresentations included misrepresentations about the cattle's age, health and calving dates.

61. Said misrepresentations, to the extent that they were not intentional, were negligent.

62. Greg, Ezra and Wesly Oliver are individually liable to Tomahawk for the above referenced negligent acts.

63. Oliver Livestock is liable for the actions of Greg, Ezra and Wesley Oliver who are its members and agents.

### IV.   CIVIL CONSPIRACY

64. Plaintiff restates and realleges paragraphs 1 through 63 as if fully restated herein.

65. Greg, Ezra, Wesley Oliver and Steve Ray combined in a meeting of the minds to misrepresent the age, health, nature and condition of the 90 head of livestock and the 42 head of livestock.

66. Steve Ray participated in this action by certifying the cattle as healthy and vaccinated when they were not.

67. Their actions constituted fraud, which is a tort at law.

68. Their actions constituted fraud, which is a crime under the laws of the State of Wyoming.

69. Their actions constitute a Civil Conspiracy for which they are each individually liable.

## V. BREACH OF IMPLIED WARRANTIES OF MERCHANTIBILITY AND FITNESS FOR A PARTICULAR PURPOSE

70. Plaintiff restates and realleges paragraphs 1 through 69 as if fully restated herein.

71. In making contact with Oliver Livestock, Tomahawk set forth certain criteria for the cattle which are well known within the cattle industry. Those criteria made it plain that Tomahawk was seeking to stock cattle suitable for a Black Angus cow calf operation.

72. In a cow calf operation, the time of the year in which the cows calve is critical for the stockman.

73. In an operation which has a specific breed of cow, having the breed of cow uniform in the herd is critical for marketing and for the reputation of the herd.

74. Oliver Livestock was aware of these factors and of the criteria which Tomahawk was purchasing the cattle under.

75. Oliver Livestock implicitly warranted that the livestock it was providing were suitable for the intended purpose of stocking a Black Angus cow calf operation.

76. In supplying cattle that did not meet the criteria, including but not limited to, departures in age, breed and calving dates, Oliver Livestock breached the implied warranty for fitness for particular purpose in what it sold and delivered.

77. In supplying cattle that did not meet the criteria, including but not limited to, departures in age, breed and calving dates, Oliver Livestock breached the implied warranty of merchantability in what it sold and delivered.

78. Oliver Livestock is liable to Tomahawk Cattle Company in an amount to be proven at trial both for the common law breach of these warranties as well as for any remedies available under the Uniform Commercial Code.

## V.     UNJUST ENRICHMENT

79.     Plaintiff restated and realleges paragraphs 1 through 79 as if fully restated herein.

80.     Oliver Livestock as well as Greg, Ezra and Wesley Oliver received payment in exchange for livestock and shipping which were accepted by them.

81.     The livestock were to be as described above.

82.     The livestock were not as described.

83.     Plaintiff has demanded restitution which has not been forthcoming.

84.     Retention of the amount paid by Oliver Livestock as well as Greg, Ezra and Wesley Oliver constituted unjust enrichment for which Oliver Livestock and Greg, Ezra and Wesley Oliver are liable in an amount to be demonstrated at trial.

## CIVIL LIABILITY UNDER THE RACKETERING INFLUENCED CRIMINAL ORGANIZATIONS ACT

85.     Plaintiff restates and realleges paragraphs 1 through 84 as if fully restated herein.

86.     Oliver Livestock and all of the individual defendants, Greg, Ezra and Wesley Oliver and Steve Ray, DVN referenced above constitute an enterprise as they are an ongoing entity with a common purpose.

87.     The acts described above constitute two or more acts within 2023 which constituted both civil and unindicted criminal fraud.

88.     Oliver Livestock and the individual defendants participated in this activity.

89.     The activity caused Tomahawk Livestock economic damages.

90.     The above described acts give rise to a claim under the Racketeering Influenced Criminal Organization Act entitling the Plaintiff to three times the amount of damages to be demonstrated at trial as well as attorney's fees and costs.

9

91. This Court has jurisdiction over this Federal Claim pursuant to *Tafflin v. Levitt*, 493 U.S. 455 (1990).

## VIII PUNITIVE DAMAGES

92. Plaintiff restates and realleges paragraphs 1 through 91 as if fully restated herein.

93. The actions of the defendants, as described above, were willful and wanton, as well as demonstrating a state of mind on the part of each of the individual defendants to do harm to Tomahawk Livestock.

94. Each of the individual defendants is liable for punitive damages.

95. Oliver Livestock is liable for punitive damages due to the acts of the individual Oliver Defendants.

96. Rock Solid Veterinary Services is liable for punitive damages for the acts of Steve Ray, DVM.

**WHEREFORE**, Tomahawk Cattle Company prays this Court find in its favor, and against the Defendants, find the Defendants to be liable on the claims asserted above, and to award to Tomahawk Cattle Company such damages as are allowable at law, including treble damages under RICO, and to also award attorney's fees and costs.

**DATED** THIS 13th day of March 2024.

_____
Patrick T. Holscher, WY Bar No. 5-2724
SCHWARTZ, BON, WALKER & STUDER, LLC
141 S. Center St., Suite 500
Casper, WY 82601
(307) 235-6681 (Phone)
(307) 234-5099 (Fax)
Attorney for Plaintiff